IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for GEORGE WASHINGTON SAVINGS BANK, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11 C 8823 |
| THE COLEMAN LAW FIRM and KEVIN FLYNN & ASSOCIATES, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

In response to this Court's June 18 order, each of the two law firm defendants -- Coleman Law Firm ("Coleman") and Kevin Flynn & Associates ("Flynn") -- has filed an Answer and Affirmative Defenses to the Complaint brought against both of them by FDIC as receiver for George Washington Savings Bank. Because this Court has been almost exclusively involved in another matter since those June 25 filings, it has not had an opportunity to look at them until now. This memorandum order is issued sua sponte to send defense counsel (who represent both defendants) back to the drawing board.

Since this District Court shifted to electronic filing, the prior practice of having to provide two copies of every filing (an original for the Clerk's Office and a copy for delivery to the judge's chambers) has been replaced by the required submission of the electronically filed original and a paper copy for the judge in accordance with LR 5.2(f). That hard copy counterpart has come to be known familiarly as a "courtesy copy," but it does not seem to occur to some lawyers that courtesy to the judge ought to extend beyond that requirement.

In this instance defense counsel filed two separate 20 page responsive pleadings, compelling this Court to read 40 pages rather than 20 to see where Coleman and Flynn share common cause and where (if at all) they do not. Clearly common courtesy would have called for submission of a joint response instead, at no cost in the time that has to be spent by the pleader.[1]

Although this Court is directing defense counsel to produce a do-over, it confesses that it has read only the Coleman response -- hence counsel will be expected to review the present Flynn pleading to see whether any other corrections are called for beyond those mentioned here. That said, here are some problematic aspects presented by the Coleman response:

1. Can Answer ¶ 13 really deny the second sentence of Complaint ¶ 13 in the objective good faith demanded by Fed. R. Civ. P. ("Rule") 11(b)?

2. That same question applies to the partial denial in Answer ¶ 14.

3. Answer ¶ 22's last sentence is unsatisfactory. Neither FDIC's counsel nor this Court should be required to guess which allegations of Complaint ¶ 22 defense counsel believes "are consistent" with Complaint Ex. 1 and which are not.

4. That same flaw is present in the last sentence of Answer ¶ 25.

It should be understood that this Court has made no effort to be exhaustive, either in the foregoing listing or as to the propriety of the Answer's denials or Rule 8(b)(5) disclaimers. Instead, what has been said up to this point is merely exemplary.

In any event, both of the current Answers are stricken. This action, however, is without

---

[1] Indeed, it would seem likely that preparation of a single joint response would have required less lawyer time.

prejudice to the filing of a single Amended Answer and Affirmative Defenses on behalf of both Coleman and Flynn on or before July 18, 2012.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 5, 2012.