# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR GEORGE WASHINGTON SAVINGS BANK, | ) ) ) ) No. 11 C 8823 |
| Plaintiff, | ) ) |
| v. | ) Judge Thomas M. Durkin ) |
| THE COLEMAN LAW FIRM AND KEVIN FLYNN & ASSOCIATES, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The Federal Deposit Insurance Corporation ("FDIC-R"), as receiver for George Washington Savings Bank (the "Bank"), has sued defendants The Coleman Law Firm ("Coleman") and Kevin Flynn & Associates ("Flynn") to recover retainer payments that the defendants accepted from the Bank several months before the Bank failed. In exchange for the payments, the defendants agreed to defend the Bank's officers and directors (the "D&Os") in litigation stemming from actions taken within the scope of their employment. The FDIC-R alleges that the retainer agreements violate 12 U.S.C. § 1828(k)(3) and has sued to recover the payments. The defendants argue that the D&Os are "required" parties under Rule 19(a), but cannot be joined in this lawsuit. They have moved under Rule 12(b)(7) to dismiss the complaint on the grounds that the court cannot "in equity and good conscience" proceed with case in the D&Os' absence. Fed. R. Civ. P. 19(b). For the following reasons, the Court denies the defendants' motion to dismiss.

# BACKGROUND

In November 2009, the defendants, the Bank, and certain of the D&Os executed "Advance Payment Retainer Agreements" (the "Retainer Agreements"). R. 132-1 at 2-7. Pursuant to those agreements, the defendants agreed to provide legal services to the D&Os in connection with any lawsuit filed against them in their capacities as officers and directors of the Bank. *Id.* at 2. In exchange, the Bank agreed to "advance" $150,000 to Coleman, and $100,000 to Flynn, on the D&Os' behalf. *Id.* at 2, 5. On February 19, 2010, the Illinois Department of Financial and Professional Regulation, Division of Banking, seized the Bank's assets and appointed the FDIC as receiver. R. 1 ¶ 11. In November 2013, the FDIC-R filed this lawsuit alleging that the prepayments violated 12 U.S.C. § 1828(k)(3):

> (k) Authority to regulate or prohibit certain forms of benefits to institution-affiliated parties
>
> [. . .]
>
> (3) Certain payments prohibited
>
> No insured depository institution or covered company may prepay the salary or any liability or legal expense of any institution-affiliated party if such payment is made–
>
> (A) in contemplation of the insolvency of such institution or covered company or after the commission of an act of insolvency; and
> (B) with a view to, or has the result of–
>
> > (i) preventing the proper application of the assets of the institution to creditors; or
> > (ii) preferring one creditor over another.

12 U.S.C. § 1828(k)(3). The FDIC-R's three-count complaint asks the Court to declare that the prepayments were "void *ab initio*" (Count I) and order Coleman and

Flynn to return the payments to the FDIC-R as the Bank's receiver (Counts II and III).

In July 2014, while this case was still in discovery, the FDIC-R settled separate claims against the D&Os. R. 132-2.[1] In exchange for $2.075 million and a release from the D&Os and their insurer, the FDIC released the D&Os from all claims relating to their performance as directors and officers of the Bank. *Id.* at 3-4. The Settlement and Release Agreement expressly provided that the FDIC was not releasing its claims against the D&Os' attorneys. *Id.* at 6. Fact discovery in this case closed on December 14, 2014, at which point the case appeared ready for summary-judgment briefing or trial. Then, on January 26, 2015—more than 3 years after the FDIC-R filed its complaint—the defendants filed the present motion to dismiss.

## LEGAL STANDARD

The defendants have moved to dismiss the FDIC-R's complaint pursuant to Rule 12(b)(7) for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Applying Rule 19, the Court must first decide whether the D&Os are "required" parties. *See* Fed. R. Civ. P. 19(a); *Askew v. Sheriff of Cook Cnty.*, 568 F.3d 632, 635 (7th Cir. 2009). If they are, and joinder is feasible, the Court must join them. *See* Fed. R. Civ. P. 19(a)(2); *Askew*, 568 F.3d at 635. If the D&Os are required parties,

---

[1] The Settlement and Release Agreement recites that the FDIC-R had "asserted claims in certain writings dated November 10, 2010, December 24, 2013, and February 5, 2014 (the 'Claims' or the 'FDIC-R's Claims') against" the D&Os. R. 132-2 at 2. The FDIC-R's "Claims" are not in the record, and it is unclear whether it ever filed a lawsuit against the D&Os.

but joinder is *not* feasible, then the Court must decide "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *See* Fed. R. Civ. P. 19(b); *Askew*, 568 F.3d at 635.

ANALYSIS

**I.      Whether the Defendants' Motion is Timely.**

The parties dispute whether the defendants' motion to dismiss is timely. Under Rule 12(h)(2), the defendant "may" raise the plaintiff's failure to join an indispensable party in its answer, in a Rule 12(c) motion for judgment on the pleadings, or at trial. Fed. R. Civ. P. 12(h)(2). The defendants have long-since answered the FDIC-R's complaint and they have not filed a Rule 12(c) motion for judgment on the pleadings. The FDIC-R argues, therefore, that the defendants' motion is procedurally untimely, even though it concedes that: (1) the defendants have not waived the issue; and (2) they could raise the issue in a motion for summary judgment. R. 138 at 3-4. It would serve no purpose to require the defendants to await trial to raise this issue, see Fed. R. Civ. P. 12(h)(2)(C), or else refile the same arguments as a motion for summary judgment. *Cf. Shield Tech. Corp. v. Paradigm Positioning, LLC*, 908 F.Supp. 2d 914, 917 (N.D. Ill. 2012) (denying the defendants' motion to dismiss as untimely under Rule 12(h), but nevertheless addressing on its own motion the arguments that the defendants had raised). The Court will proceed to decide the defendants' motion on the merits.

**II.     Rule 19(a) – Required Parties.**

The defendants contend that the D&Os are required parties under both Rule 19(a)(1)(A) and Rule 19(a)(1)(B). R. 132 at 4-6.

### A. Whether the Court Can Accord the Existing Parties Complete Relief in the D&Os' Absence.

Under Rule 19(a)(1)(A), a non-party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). "[T]he term 'complete relief' refers only to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought." *See Davis Co. v. Emerald Casino, Inc.*, 268 F.3d 477, 484 (7th Cir. 2001) (citation and internal quotation marks omitted). The defendants argue that the FDIC-R cannot obtain complete relief from the defendants because, under the Retainer Agreements, the D&Os must repay the Bank "if it shall ultimately be determined that they are not entitled to be indemnified against such costs and expenses as provided in the" Bank's bylaws. R. 132-1 at 2-3; R. 132 at 5. The FDIC-R is not seeking to enforce the Retainer Agreements according to their terms. It is seeking to invalidate the agreements, or at least the portion of the Agreements pursuant to which the Bank advanced money for the D&Os' legal representation. Whether or not the D&Os are entitled to indemnification under the Bank's bylaws is irrelevant. The defendants also argue that the D&Os are personally liable to the defendants for any legal services that they received. R. 132 at 5; *see also* 132-1 at 2 ("Clients understand and agree that they are legally responsible for and shall pay the Law Firm an hourly fee for [legal services] based on the normal hourly billing rates of the Law Firm."). But as the Seventh Circuit explained in *Davis*, Rule

19(a)(1)(A) focuses on relief between the existing parties, "not as between a party and the absent person whose joinder is sought." 268 F.3d at 484. The FDIC-R can obtain a judgment against the defendants under § 1828(k)(3) without joining the D&Os. And for their part, the defendants have not filed any claim for affirmative relief. The Court concludes that it can accord complete relief among the existing parties without joining the D&Os.

    B.    **Whether the D&Os' Interests Will Be Prejudiced If They Are Not Joined.**

Under Rule 19(a)(1)(B)(i), a person who "claims an interest relating to the subject matter of the action" must be joined if disposing of the action in that party's absence may "as a practical matter impair or impede the person's ability to protect the interest." Fed. R. 19(a)(1)(B)(i). As the defendants point out, in an action to rescind or cancel all or a portion of a contract, the parties to that contract are ordinarily considered required. *U.S. ex rel. Hall v. Tribal Development Corp.*, 100 F.3d 476, 479 (7th Cir. 2006). The Court does not believe, however, that it must apply this principle mechanically in every case. *See id.* (acknowledging that the principle "has its limits"). This case is atypical. The FDIC-R and the D&Os have executed mutual releases discharging all claims among them that "arise from or relate to . . . the Bank." R. 132-2 at 4-5. Given this broad language, it is highly doubtful that the D&Os have any right to oppose the FDIC's efforts to claw back the retainer payments for the benefit of the Bank's creditors. So, the D&Os' interests in the "subject of the action" are more theoretical than "practical." The fact that they have not sought to intervene in this lawsuit in the 3 years it has been pending

supports the conclusion that they do not "claim[] an interest relating to the subject of the action." *See Burger King Corp. v. Am. Nat'l Bank & Trust Co.*, 119 F.R.D. 672, 678 (N.D. Ill. 1988) ("[A]n absent person's decision to forego intervention indicates that he does not deem his own interests substantially threatened by the litigation; and if he does not, the court should not, absent special circumstances, second-guess this decision."); *accord Levin v. NC12, Inc.*, No. 10 C 1606, 2011 WL 2582138, *3 (N.D. Ill. June 29, 2011). The D&Os are certainly aware of the lawsuit. The FDIC-R contends (and the defendants do not dispute) that three of the five D&Os have been deposed in this case. Also, the FDIC-R's settlement agreement with the D&Os expressly carved out this litigation from the scope of the releases. The Court concludes, given the unique circumstances of this case, that the D&Os are not required parties under Rule 19(a)(1)(B)(i).

### C. Whether the Parties Face a Substantial Risk of Inconsistent Obligations.

The defendants argue that they will face a substantial risk of incurring inconsistent obligations if the Court does not join the D&Os: "[t]his Court could rule that the [D&Os] were not entitled to indemnification but another court presiding over a suit between Coleman, Flynn and the [D&Os] could rule that the [D&Os] were entitled to indemnification." R. 132 at 6. This argument is based upon the same flawed premise as the defendants' Rule 19(a)(1)(A) argument. *See supra*. The FDIC-R is not seeking to enforce the Agreements; it is seeking to rescind the portion of those Agreements authorizing the Bank to advance funds for the D&Os' legal defense. As a practical matter, the D&Os cannot oppose the FDIC-R's claim in this

lawsuit or any other. *See supra*. So, there is no risk—much less a "substantial risk"—that the defendants will incur inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B)(ii).

III. **Whether the D&Os <u>Can</u> Be Joined in This Lawsuit.**

Because the Court has concluded that the D&Os are not required parties under Rule 19(a), it need not decide whether their joinder is infeasible. Nevertheless, the Court rejects the defendants' argument that the D&Os cannot be joined. The fact that the FDIC-R settled its claims against the D&Os does not "moot" any claim that the defendants may have against the D&Os for unpaid legal fees. R. 132 at 6-7.[2] (That they may not *want* to file a third-party complaint against their clients is irrelevant to their motion.) Finally, even if the D&Os were required parties, and could not be joined, the Court would still deny the defendants' motion to dismiss. If the defendants are entitled to keep the retainer payments, then the D&Os are not liable for legal expenses within the scope of the Retainer Agreements. The defendants have vigorously defended their rights to retain those payments, meaning that the D&Os' interests in this lawsuit (if any) are adequately protected.

---

[2] The defendants imply that *Majkowski v. Int'l Group, Inc.*, No. 08 C 4842, 2008 WL 5272193, at *2 (N.D. Ill. Dec. 16, 2008) supports their argument that the D&Os cannot be joined in this lawsuit. *See* R. 132 at 7. It does not. The plaintiff in that case settled a coverage dispute with his company's insurers. *Id.* at *1. He then attempted to relitigate that issue by suing the defendant, the insurers' parent corporation. *Id.* The defendant moved to dismiss the complaint for failing to join the insurers, whose presence in the case would destroy diversity jurisdiction. *Id.* It also moved to dismiss because the claim was moot: the plaintiff had already settled all claims arising from the insurance policies. *Id.* The district court dismissed the lawsuit on the second ground. *Id.* at *2-4. Here, the FDIC and the D&Os have not, and could not, settle the defendants' claim for unpaid legal expenses against the D&Os.

Conversely, if the Court dismisses the lawsuit, the FDIC-R will be unable to recover possibly improper payments to the detriment of the Bank's creditors. The Court could not, "in equity and good conscience," dismiss this case under those circumstances. Fed. R. Civ. P. 19(b).

## Conclusion

For the foregoing reasons, the Court denies the defendants' motion to dismiss, R. 131.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: March 19, 2015